USDC SCAN INDEX SHEET

















KSR    10/4/04    8:11
3:04-CV-00996   RADUGA USA CORP V. US DEPT OF STATE
*18*
*P/A.*

CAROL C. LAM
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 094918
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7119

Attorneys for Defendants

ORIGINAL

FILED

04 OCT -1 PM 3: 35

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: Ridgeway

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADUGA U.S.A. CORPORATION, a California Corporation, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, et al. <br><br> Defendants. | No. 04-cv-0996-BTM (BLM) <br><br> TIME: 11:00am <br> DATE: October 29. 2004 <br> CTRM: 15 <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR CROSS-MOTION FOR SUMMARY JUDGMENT |

COME NOW the Defendants named in the Complaint, by and through their attorneys, Carol C. Lam, United States Attorney, and Samuel W. Bettwy, Assistant United States Attorney, and, pursuant to the Court's Order of August 31, 2004, hereby file this Motion to Dismiss or Cross-Motion for Summary Judgment.

I

## INTRODUCTION

Plaintiffs complain that U.S. consular officers in Moskow have not adjudicated the visa applications of Plaintiffs Nikolai Romanovskiy and Vladlena Yakovleva ("Plaintiffs"), in violation of 8 U.S.C. § 1153(b)(1)(C) (definition of "certain multinational executives and managers"), the APA (presumably 5 U.S.C. § 706(1)), and 22 C.F.R. § 42.81(a).

Because Plaintiff Raduga USA Corporation has no standing to sue in this action, the case should be dismissed or transferred for lack of proper venue. Although proper venue lies with the district court for the District of Columbia, the case should not be

1  transferred because, pursuant to the doctrine of consular non-reviewability, this action
2  should be dismissed. In the alternative, the Court should dismiss this action or enter
3  judgment in favor of Defendants pursuant to the doctrine of consular non-reviewability.
4  Plaintiffs contend that the Ninth Circuit's ruling in Patel v. Reno, 134 F.3d 929 (9th Cir.
5  1997), supplies an exception to said doctrine. Patel, which was an action in the nature
6  of mandamus, does not provide an exception in this case because the allegations of the
7  complaint itself demonstrate that U.S. consular officers in Moskow are actively
8  adjudicating Plaintiffs' visa applications. The undersigned is in the process of obtaining
9  more specific information on the status of the pending adjudication and when completion
10 is anticipated.

11    In the alternative, summary judgment should be denied because there exists a
12 genuine issue of material fact, namely whether U.S. consular officers are actively
13 adjudicating Plaintiffs' visa applications.

14    Also, Plaintiffs have improperly named certain defendants, and Plaintiffs are not
15 properly before the Court, because Plaintiffs' attorney of record has not satisfied L.R.
16 83.3.

## II

## FACTUAL BACKGROUND

In sum, Plaintiffs' visa applications have been pending since April 8, 2001. As Plaintiffs acknowledge, U.S. consular officers have not suspended activity on their applications. They have been interviewed twice on their applications, and consular officers at the U.S. embassy in Moskow have indicated that a third interview will be required. [Complaint, paras. 21, 23 & 31.] Plaintiffs allege that U.S. consular officers have communicated with them several times [id., paras. 22, 24, 26, 27, 28, 30, 31] and that U.S. consular officers have had to await input by the Federal Bureau of Investigation ("FBI") [id., paras. 24, 25, 28.]. The undersigned is in the process of obtaining more information concerning the nature of current activity on the applications and when an adjudication is likely to be completed.

III

ARGUMENT

By way of background, aliens may not enter the United States except as provided in the Immigration and Nationality Act of 1952, as amended ("INA"), and the regulations promulgated thereunder. 8 U.S.C. §§ 1101 et seq., 8 C.F.R. Parts 1 et seq.; 22 C.F.R. Parts 40-43. With limited exceptions not pertinent to Plaintiffs' claims, no alien may enter the United States without first obtaining a visa abroad from a U.S. consular officer. U.S. consular officers have exclusive authority over the issuance of visas. 8 U.S.C. §§ 1201-02, 1101(a)(9), 1101(a)(16), 1104(a).

A. IMPROPERLY INVOKED BASES OF SUBJECT MATTER JURISDICTION

This type of action is properly brought only as an action in the nature of mandamus. In their Complaint (at para. 15), Plaintiffs invoke the Court's jurisdiction under several statutes. There is no basis for invoking jurisdiction under 8 U.S.C. § 1153(b)(1)(C) (allocation of immigrant visas to certain multinational executives and managers), 28 U.S.C. § 2201 (the Declaratory Judgment Act ("DJA")), and 5 U.S.C. § 701-706 (Administrative Procedures Act ("APA")). See Fiedler v. Clark, 714 F.2d 77, 79 (9th Cir. 1983)(the DJA "does not provide an independent jurisdictional basis for suits in federal court . . . It only permits the district court to adopt a specific remedy when jurisdiction exists"); Califano v. Sanders, 430 U.S. 99, 106-07 (1977) (the APA "is not a statute that confers jurisdiction but is a waiver of sovereign immunity for non-monetary relief. In conjunction with 28 U.S.C. § 1331 it allows for injunctive relief against the United States under some circumstances").

Although 28 U.S.C. § 1331 (federal question) may be invoked as a basis of subject matter jurisdiction when invoked in conjunction with the APA, Plaintiffs have not alleged facts sufficient to determine their basis for doing so. See Patel, 134 F.3d at 932 n.1 ("In addition, as government counsel noted at oral argument, judicial review may also exist under certain circumstances pursuant to the Administrative Procedure Act. However, neither situation is presented in this appeal").

1  Accordingly, Defendants have improperly invoked the Court's subject matter jurisdiction pursuant to 5 U.S.C. §§ 701-06, 8 U.S.C. § 1153(b)(1)(C), 28 U.S.C. § 1331, and 28 U.S.C. § 2201. This action should be recognized only as an action in the nature of mandamus under 28 U.S.C. § 1361.

B. **PLAINTIFF RADUGA USA CORPORATION LACKS STANDING**

Plaintiff Raduga USA Corporation has no standing to sue in this action. This case concerns only visa applications which were made by Plaintiffs Nikolai Romanovskiy and Vladlena Yakovleva. The fact that Raduga USA Corporation was the underlying visa petitioner or "sponsor" does not establish standing to sue with respect to the visa applications. As the Ninth Circuit has explained:

> Saavedra's American sponsors are attempting to assert rights not afforded to them by the INA. The INA permitted them to file a petition with the Attorney General to have Saavedra classified as a managerial employee so that he might qualify for an L-1 visa. See 8 U.S.C. § 1154(a)(1)(D). When their petition was granted and Saavedra received that classification, their cognizable interest terminated. Because their interest has already been satisfied, the citizen sponsors have not been aggrieved "within the meaning of the relevant statute" and have no right of review under the APA even if APA review were available. National Credit Union Admin. v. First Nat'l Bank & Trust Co., [522 U.S. 479 (1998)]; 5 U.S.C. § 702.

Saavedra Bruno v. Albright, 197 F.3d 1153, 1664 (9th Cir. 1999). See also Schmier v. U.S. Court of Appeals for the Ninth Cir., 279 F.3d at 821-22 (9th Cir. 2001) (plaintiff has no standing when he alleges no violation of a right personal to himself, but rather a violation of others' rights); Burrafato v. U.S. Dep't of State, 523 F.2d 554, 555 (2d Cir. 1975) (underlying visa petitioner's due process rights are not violated by denial of spouse/applicant's visa application); Noel v. Chapman, 508 F.2d 1023, 1027-28 (2d Cir. 1975) (legal residents have no right to challenge denial of entry of alien spouse into United States); Garcia v. Baker, 765 F. Supp. 426, 428 (N.D. Ill. 1990) (underlying visa petitioner has no protectible interest in denial of visa); Blackwell v. Thornburgh, 745 F. Supp. 1529 (C.D. Cal. 1989) (same).[1]

---

[1] By contrast, both the petitioner and the beneficiaries of the underlying visa (continued...)

In <u>Patel</u>, which was decided before <u>Saavedra</u>, the visa applicant's underlying visa petitioner was a plaintiff, because the action initially challenged the Immigration and Naturalization Service's ("INS's") collateral action (denaturalization proceedings) against such underlying visa petitioner. The collateral action had caused the State Department to suspend action on his wife's visa application. Although the Court whittled the case down to an action in the nature of mandamus and identified the consulate as the only appropriate defendant in a mandamus action to compel adjudication of a visa application, it did not address whether the visa petitioner on the underlying visa petition remained an appropriate plaintiff, and it is not known whether the Government even raised the issue.

Therefore, the Court should dismiss Raduga USA Corporation as a plaintiff in this action due its lack of standing. <u>See</u> Rule 12(b)(1), Fed. R. Civ. Proc.

C.    **IMPROPER VENUE**

This action should be dismissed for improper venue. <u>See</u> Rule 12(b)(3), Fed. R. Civ. Proc. Proper venue is prescribed at 28 U.S.C. § 1391(e), which reads as follows in pertinent part:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a <u>defendant in the action resides</u>, (2) a substantial part of the <u>events or omissions giving rise to the claim occurred</u>, or a substantial part of the property that is the subject of the action is situated, or (3) the <u>plaintiff resides</u> if no real property is involved in the action.

28 U.S.C. § 1391(e) (emphasis added).

---

[1/](...continued)
petition would have standing to sue for judicial review of a denial or revocation of the underlying visa petition. <u>Abboud v. I.N.S.</u>, 140 F.3d 843 (9th Cir. 1998). The petitioner files the visa petition for the direct benefit of the beneficiary. Indeed, the statute specifically refers to the "petitioner" and "beneficiary" of the visa petition. <u>See, e.g.</u>, 8 U.S.C. § 1101(a)(15)(K)(ii) (refers to the "petitioner" and "beneficiary" of a fiancée visa petition), 1153(h)(2)(B), 1154(a)(1)(D)(ii), 1184(h). The same reasoning does not apply to a visa application. There is no stated "beneficiary" of a visa application. The visa applicant applies for a visa for his or her own benefit.

It appears that Plaintiffs seek to establish venue on the basis of the residence of Plaintiff Raduga USA Corporation. [Complaint, para. 2.] However, as explained above, Raduga USA Corporation should be dismissed as a plaintiff for lack of standing.[2]

The action should not be transferred to the proper venue pursuant to 28 U.S.C. § 1406(a)[3] because, as explained below, the action should be dismissed under the doctrine of consular non-reviewability. However, if the Court were to transfer the case, the district court for the District of Columbia is the proper venue when no venue can be established under 8 U.S.C. § 1391(e). See Peoples v. U.S. Dept. of Agriculture, 427 F.2d 561 (D.C. Cir. 1970) ("This statute fills a void, which previously had been taken to prevent District Courts outside the District of Columbia from issuing mandamus against a government official. . . . This statute does not undercut the historic jurisdiction of the District Court for the District of Columbia to entertain such actions, it rather extends that mandamus jurisdiction to the other District Courts"); Ransom v. Babbitt, 69 F. Supp.2d 141, 149 (D.D.C. 1999) ("With or without the Mandamus Act, Plaintiffs are entitled to bring this case in this Court"). See also Bartman v. Cheney, 827 F. Supp. 1, 2 (D.D.C. 1993) ("When an officer or

---

[2] None of the named defendants resides within this judicial district, and none of the actions complained of occurred within this judicial district. Therefore, proper venue would have to be based upon the residence of at least one plaintiff. Plaintiffs Nikolai Romanovskiy and Vladlena Yakovleva have not alleged their place of residence, but because they are aliens, their residence, if any, in the United States cannot be used for venue purposes. See Brunette Machine Works, LTD. V. Kockum Industries, Inc. 406 U.S. 706, 710 (1972) ("suits against aliens are outside the scope of all the venue laws"); Galveston, Harrisburg and San Antonio Railway Co. v. Gonzales, 151 U.S. 496 (1894) (diversity); Williams v. United States, 704 F.2d 1222, 1225 (11th Cir. 1983) (FTCA case; "An alien, for purposes of establishing venue, is presumed by law not to reside in any judicial district of the United States regardless of where the alien actually lives"); Fleifel v. Vessa, 503 F. Supp. 129, 130 (W.D. Va. 1980)("an alien has no residence in the United States for venue purposes"); Prudencio v. Hanselmann, 178 F. Supp. 887 (D. Minn. 1959) (resident alien was precluded from bringing a diversity action in his home state because, as an alien, he was not a resident of any district in the United States); 6A WEST'S FEDERAL PRACTICE MANUAL § 7446.

[3] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Id.

agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue"); Doe v. Casey, 601 F. Supp. 581, 584 (D.D.C.1985), rev'd on other grounds, 796 F.2d 1508 (D.C. Cir.1986).[4]

Therefore, this action should be dismissed or transferred for improper venue. See Rule 12(b)(3), Fed. R. Civ. Proc.; 28 U.S.C. § 1406(a).

D. **IMPROPERLY NAMED DEFENDANTS**

Plaintiffs have named (in addition to the U.S. Consul General in Moskow) the U.S. Department of State, certain State Department officials in Washington, D.C., certain officials of the U.S. Department of Homeland Security, the U.S. embassy, and the U.S. ambassador to Russia. Yet, as Plaintiffs acknowledge in their complaint (at paras. 32 & 41), U.S. consular officers have exclusive authority over the issuance of visas. 8 U.S.C. §§ 1201-02, 1101(a)(9), 1101(a)(16), 1104(a).

An alien seeking to visit or immigrate to the United States must (i) apply for a visa to the consular officer stationed where the alien resides, (ii) submit a proper application form, a valid passport, and such documentation as the consular officer deems necessary, and (iii) appear in person before the consular officer. 8 U.S.C. § 1202; 22 C.F.R. §§ 42.61 et seq. A visa will be issued if, in the judgment of the consular officer, the alien is eligible therefor. See 22 C.F.R. §§ 41.101 et seq., 42.71.

//

---

[4] The Mandamus and Venue Act of 1962 [Pub. Law 87-748] contains a jurisdictional provision, 28 U.S.C. § 1361, and a venue provision, 28 U.S.C. § 1391. The Act was intended to fill a void in federal jurisdiction that existed by virtue of the rule that the district courts, other than in the District of Columbia, did not have jurisdiction to issue mandamus against federal officers. Peoples v. United States Department of Agriculture, 138 U.S.App.D.C. 291, 427 F.2d 561, 565 (1970). Thus, the purpose of Section 1361 was to authorize the district courts to "review and compel" official action on an equality with the federal district court in the District of Columbia.

Kelley v. Metropolitan County Bd. of Ed. of Nashville and Davidson, 372 F. Supp. 528, 538 (D.C. Tenn. 1973) (footnotes omitted).

1  All determinations to deny visa applications are reviewed by a senior consular
2  officer at the post concerned, and such senior officer may concur in the initial
3  determination, refer the matter for an advisory opinion, or assume personal
4  responsibility for the case. 22 C.F.R. § 42.81(c). When, based on information
5  provided by the applicant and otherwise available to the consular officer (including
6  the advisory opinion, if any), the officer reaches a final determination that the
7  application should be denied, the alien must be informed of the decision and the legal
8  ground(s) therefor. 22 C.F.R. § 42.81(b). There is no further review.

Accordingly, in Patel, the Ninth Circuit ruled that an action in the nature of mandamus was not appropriate against non-consular officials:

> However, summary judgment was appropriately granted in favor of the Attorney General, the Secretary of State, the INS, and District Director Rogers. As acknowledged by the Patels during oral argument, it is uncontested that only State Department consular officers have the power to issue visas. 8 U.S.C. §§ 1101(a)(9), (16); 1201(a). Not even the Secretary of State has the power to review a consular official's visa decision. Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970, 971 (9th Cir.1986). Therefore, summary judgment against all entities and officials without power to issue a visa was properly granted by the district court.

Id., at 932. See also Luo v. Coultice, 178 F. Supp.2d 1135, 1140 n.2 (C.D. Cal. 2001) ("the Ninth Circuit held in Patel that 'mandamus is an inappropriate remedy with regard' to non-consular officials, whose duties were discretionary... The Court here finds that mandamus cannot lie against Defendant Coultice")

Therefore, the Court should dismiss the improperly named defendants, namely the U.S. Department of State, State Department officials in Washington, D.C., officials of the U.S. Department of Homeland Security, the U.S. embassy, and the U.S. ambassador to Russia. See Rules 12(b)(1), (2) & (6), Fed. R. Civ. Proc.

//
//
//

E. PLAINTIFFS' ACTION IS BARRED
BY THE DOCTRINE OF CONSULAR NON-REVIEWABILITY

As Plaintiffs acknowledge in their complaint (at para. 33), it is well-settled that the courts lack jurisdiction to review consular denials of visa applications (known as the doctrine of consular non-reviewability). See, e.g., Centeno v. Shultz, 817 F.2d 1212 (5th Cir. 1986), cert. denied, 484 U.S. 1005 (1988); Ventura-Escamilla v. INS, 647 F.2d 28, 30 (9th Cir. 1981); Burrafato v. Dept. of State, 523 F.2d 554, 556-57 (2d Cir. 1975).

Plaintiffs contend in their complaint that, despite the well-settled doctrine of consular non-reviewability, this case is controlled by the Ninth Circuit's decision in Patel v. Reno, 134 F.3d 929 (9th Cir.1997) (as amended). In Patel, which was an action in the nature of mandamus, U.S. consular officers in India had "suspended" the plaintiffs' visa applications for eight years pending denaturalization proceedings before the INS. See id. at 930 ("The Patel family's visa application has been pending before the United States Consulate in Bombay, India for eight years without action"). The Ninth Circuit ruled that the consulate had a duty to either accept or reject the application and could not merely suspend it. Id. at 932-33.

Patel is not applicable to this case because Plaintiffs' visa applications have been pending for three years, not eight, and there is no evidence that U.S. consular officers have suspended consideration of Plaintiffs' visa applications. Rather, the applications have been and remain under active consideration. Plaintiffs themselves acknowledge that U.S. consular officers have been responsive to their inquiries and have communicated with them several times. [Complaint, paras. 22, 24, 26, 27, 28, 30, 31.] Plaintiffs also acknowledge that U.S. consular officers have required multiple interviews [id., paras. 21, 23 & 31] and FBI input. [Id., paras. 24, 25, 28]. In addition, the undersigned is in the process of obtaining more specific information about the current status of adjudication and the anticipated date of completion.

//

9                                    04CV0996

1  Plaintiffs' action is also based upon the legal theory that U.S. consular officers
2  have unreasonably delayed in violation of the APA. [Complaint, para. 39.] As
3  explained above, there is no legal basis for seeking such relief against U.S. consular
4  officers. The Patel decision was an action in the nature of mandamus and concerned
5  suspension of the adjudication of visa applications. The Patel case did not concern
6  "unreasonable delay" under the APA. See Patel, 134 F.3d at 932 n.1 ("In addition, as
7  government counsel noted at oral argument, judicial review may also exist under
8  certain circumstances pursuant to the Administrative Procedure Act. However,
9  neither situation is presented in this appeal"). Regardless, Defendants submit that the
10 delay in adjudicating Plaintiffs' visa applications has not been unreasonable under the
11 circumstances. The undersigned is still in the process of obtaining specific
12 information on the past and current circumstances of Plaintiffs' visa applications and
13 the anticipated date of completion.

Accordingly, the Court should dismiss the complaint, without prejudice, for failure to state a claim upon which relief can be granted. See Rule 12(b)(6), Fed. R. Civ. Proc. In the alternative, this action should be adjudged in favor of Defendants pursuant to Rule 56(c), Fed. R. Civ. Proc., because Plaintiffs have alleged facts sufficient for this Court to find that U.S. consular officers are actively adjudicating Plaintiffs' visa applications.

F.  **IN THE ALTERNATIVE, THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT**

To prevail on a motion for summary judgment, there must exist no genuine issues of material fact. See Rule 15(c), Fed. R. Civ. Proc.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

It is Defendants' position that Patel does not apply in this case to overcome the doctrine of consular non-reviewability (and that summary judgment should be granted to Defendants), because Plaintiffs have alleged sufficient facts in their complaint for the Court to find that their visa applications are being actively adjudicated by U.S. consular officers in Moskow. If the Court does not agree, then summary judgment

10                                                          04CV0996

1 | may not be granted because there exists a genuine issue of material fact, namely
2 | whether the adjudication of Plaintiffs' visa applications has been and continues to be
3 | active and/or whether the circumstances surrounding Plaintiffs' visa applications
4 | have justified the amount of time taken to adjudicate them. In the alternative, the
5 | undersigned would request more time to conduct more discovery concerning past and
6 | current activity on Plaintiff's visa applications. See Rule 15(f), Fed. R. Civ. Proc.

    G.    <u>PLAINTIFFS ARE NOT PROPERLY BEFORE THE COURT</u>

Plaintiffs have brought this case through attorney Kenneth White. However, it does not appear that Mr. White is a member of the California Bar.[5] If he is not, then Plaintiffs are not properly before this Court, because Plaintiffs' attorney of record has not satisfied L.R. 83.3.

//
//
//

---

[5] Plaintiffs' attorney does not list his California bar number, if any, on the complaint. At its website, the State Bar of California lists four attorneys named "Kenneth White," none of them listed as being located in San Diego or Moskow. See http://www.calbar.ca.gov/state/calbar/calbar_home.jsp

11        04CV0996

IV

CONCLUSION

For the reasons set forth above, Raduga USA Corporation should be dismissed as a plaintiff, and this action should be dismissed or transferred for improper venue. In the alternative, the action should be dismissed for Plaintiffs' failure to state a claim upon which relief can be granted pursuant to the doctrine of consular non-reviewability. In the alternative, the Court should adjudge this action in favor of Defendants pursuant to said doctrine. In the alternative, summary judgment should not be granted in favor of Plaintiffs because there exist genuine issues of material fact and/or the Court should continue proceedings to permit further discovery. The Court should dismiss the improperly named defendants, and it should require compliance with L.R. 83.3.

DATED: October 1, 2004

CAROL C. LAM
United States Attorney

SAMUEL W. BETTWY
Assistant U.S. Attorney