USDC SCAN INDEX SHEET










```
JAH    10/14/05    14:26
3:04-CV-00996    RADUGA USA CORP V. US DEPT OF STATE
*62*
*P/A.*
```

FILED

05 OCT 13 PM 4:06

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  KENNETH WHITE, ESQ.
   White & Associates
2  40 Prechistenka Street, Bldg. 3, Ste. 310
   Moscow, Russia 119034
3  Mailing Address:
   c/o Raduga USA
4  9353 Activity Road, Suite 1
5  San Diego, CA 92126
   State Bar No. PA60720
6  DC Bar No. 432681
7  818-730-3540
   Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADUGA U.S.A. CORPORATION )<br>NIKOLAY ROMANOVSKIY )<br>VLADLENA YAKOVLEVA )<br>         )<br>     Plaintiffs, )<br>         )<br>  v.     )<br>         )<br>MAURA HARTY, Assistant Sec. )<br>For Consular Affairs, JAMES )<br>PETTIT, Consul General, U.S. )<br>Embassy, Moscow, CONSTANCE )<br>ANDERSON, Immigrant Visa Unit )<br>Chief, U.S. Embassy, Moscow )<br>         )<br>     Defendants. )<br>_____) | No. 04 CV 0996 BTM (BLM)<br><br>DATE: December 2, 2005<br>TIME: 11:00 a.m.<br>CTRM: 15<br><br>PLAINTIFFS' MEMORANDUM OF<br>POINTS AND AUTHORITIES IN<br>SUPPORT OF MOTION FOR LEAVE<br>TO SUPPLEMENT COMPLAINT<br>UNDER FED. R. CIV. PRO. 15(d)<br><br>BY FACSIMILE |

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................... 1

II. PROCEDURAL BACKGROUND ............................................. 2

III. LEGAL STANDARD TO APPLY TO MOTION TO SUPPLEMENT
PLEADING ............................................................................. 5
    A. Permissibility of new claims and new parties. No time limits on
       supplemented pleadings. ................................................ 6

    B. Factors to be considered. ................................................ 7

    C. The Supplement will not be futile. ................................. 8

IV. CONCLUSION ................................................................... 13

# TABLE OF AUTHORITIES

CASES                                                                                                    PAGE

Forbes v. INS,
    48 F.3D 439, 443 (9th Cir. 1995).................................................................. 10

Griffin v. County School Board,
    377 U.S. 218 (1964)....................................................................................... 6

H.F.G. Co. v. Pioneer Publishing Co.,
    7 F.R.D. 654, 656 (N.D.Ill. 1947).................................................................. 7

Keith v. Volpe,
    858 F.2d 467, 473, 474 (9th Cir. 1988)...................................................... 5,6,7

Kungys v. U.S.,
    485 U.S. 759, 783 (1987)(concurring opinion of Justice Brennan)........................ 11

Lerman v. Chuckleberry Publishing, Inc.,
    521 F.Supp. 228, 231-232 (S.D.N.Y. 1981)..................................................... 7

Matter of S- and B-C,
    9 I&N 436, at 447 (Bd. Imm. App. 1961)........................................................ 10

Morrissey v. Brewer,
    408 U.S. 471, 489 (1972)............................................................................. 13n

New Amsterdam Casualty Co. v. Waller,
    323 F.2d 20, 28-29 (4th Cir. 1963), *cert. denied*, 376 U.S. 963 (1964).............. 6

Noh v INS,
    248 F.3d 938 at 942 (9th Cir. 2001)................................................................ 8

U.S. v. Sheshtawy,
    714 F.2d 1038 (10th Cir. 1983)..................................................................... 11

Patel v. Reno,
    134. F.3d 929, 932 n. 1 (9th Cir. 1997).......................................................... 8

Vernay Laboratories, Inc. v. Industrial Electronic Rubber Co.,
    234 F.Supp. 161, 166-167 (N.D. Ohio 1964)................................................. 7

William Inglis & Sons Baking Co. v. ITT Continental Banking Co., Inc.,
   668 F.2d 1014, 1057 (9th Cir. 1982)......................................................... 6

STATUTES

   UNITED STATES CODE, TITLE 5

5 U.S.C. § 553(b)............................................................................................ 13
5 U.S.C. § 555................................................................................................. 2
5 U.S.C. § 701-706 Administrative Procedures Act................................... 8, 12
5 U.S.C. § 706(2)(A)....................................................................................... 9

   UNITED STATES CODE, TITLE 6

6 U.S.C. § 236(b)(1), Section 428(b)(1) of the Homeland Security Act of 2002............... 13

   UNITED STATES CODE, TITLE 8

8 U.S.C. § 1182(a)(6)(C)(i), Section 212(a)(6)(C)(i) of Immigration and Nationality Act.. 2,3,9,12
8 U.S.C. § 1451(a)........................................................................................... 11
8 U.S.C. § 1201(g), Section 221(g) of Immigration and Nationality Act........... 2,3
8 U.S.C. § 1182(b), Section 212(b) of Immigration and Nationality Act........... 12

   UNITED STATES CODE, TITLE 28

28 U.S.C. § 1331 (The Federal Questions Statute)....................................... 2,8
28 U.S.C. § 1361 (The Declaratory Judgment Act)....................................... 2
28 U.S.C. § 2201 (The Mandamus Statute)................................................... 2

REGULATIONS

   CODE OF FEDERAL REGULATIONS, TITLE 22

§41.121............................................................................................................ 12
§42.81.............................................................................................................. 12

OPERATION INSTRUCTIONS

   FOREIGN AFFAIRS MANUAL, TITLE 9

| | | |
|---|---|---|
| 1 | Section 40.63 N6 (5-20-2003)............................................................................ | 10 |
| 2 | Section 40.63 N6.3-1(2)..................................................................................... | 10 |
| 3 | Section 40.63 N6.3-5......................................................................................... | 11 |

**INS INSPECTOR'S FIELD MANUAL (MARCH 2001)**

| | | |
|---|---|---|
| 5 | Section 17.15(a)................................................................................................ | 10 |

**RULE**

| | | |
|---|---|---|
| 8 | Rule 15(d) of the Fed. R. Civ. Pro................................................................... | 1,5,6 |

**DEPARTMENT OF STATE CABLES**

| | | |
|---|---|---|
| 11 | 93 State 213583................................................................................................ | 12 |
| 12 | 97 State 114760 ............................................................................................... | 12 |
| 13 | 2001 State 102813............................................................................................ | 12 |

**MEMORANDUM OF UNDERSTANDING BETWEEN THE DEPARTMENT OF STATE AND DEPARTMENT OF HOMELAND SECURITY**

| | | |
|---|---|---|
| 17 | Paragraph 5a. .................................................................................................. | 12 |

## I. INTRODUCTION

Pursuant to Rule 15(d) of the Fed. R. Civ. Pro., Plaintiffs move this court for leave to allow them to supplement their original complaint to add additional causes of action, parties, and prayers for relief. This Motion has been precipitated by actions of the government since the initiation of this lawsuit and the Court's Order of May 23, 2005. The proposed supplemented complaint is appended as Exhibit 5, and the new text is highlighted in bold for ease of reference. In tandem with this Motion, Plaintiffs are filing a Motion for Leave to Vacate Judgment under Fed. R. Civ. Pro. 60(b)(6) and request that Motion be granted only in the event that this Motion be granted.

On July 20, 2005, under 6 U.S.C. § 236(b)(1), Section 428(b)(1) of the Homeland Security Act of 2002, the Acting Under Secretary of Homeland Security for Border and Transportation Security, through the Deputy Assistant Secretary for Visa Services of the Department of State, directed the consul at the U.S. Embassy in Moscow to deny the visa applications of Plaintiffs Nikolai Romanovskiy (hereinafter "Romanovskiy") and Vladlena Yakovleva (hereinafter "Yakovleva"), and refer the petition of Plaintiff Raduga U.S.A. Corporation (hereinafter "Raduga USA") to the U.S. Citizenship and Immigration Service California Service Center for revocation. These decisions are facially illegitimate, arbitrary, capricious, contrary to law, and were made in bad faith. As a result of these decisions, Plaintiffs Romanovskiy and Yakovleva continue to be impermissibly excluded from the United States, four and one half years since the submission of their immigrant visa applications to the U.S. Embassy in Moscow, and Raduga USA continues to be deprived of the services of its President.

Therefore, Plaintiffs move this court to grant leave to supplement their complaint to add the following defendants to this action: the Department of Homeland Security and Department of State; the Secretary of the Department of Homeland Security, Michael Chertoff; Secretary of the

Department of State, Condoleeza Rice: the Acting Under Secretary of Border and Transportation Security of the Department of Homeland Security, Randy Beardsworth; the Acting Director of the U.S. Citizenship and Immigration Service (hereinafter "USCIS"), Robert Divine: and Christine Poulos. Director of the California Service Center (hereinafter "CSC") of the USCIS.

Plaintiffs also move this Court to grant their request to allow leave to supplement their pleadings to allow for additional causes of action, including under the Administrative Procedures Act (5 U.S.C. § 555, 701-706), the Federal Question Statute (28 U.S.C. § 1331). the Declaratory Judgment Act (28 U.S.C. § 2201), the Mandamus Statute (28 U.S.C. § 1361) and the Due Process Clause of the U.S. Constitution. The Plaintiffs' Supplemented Complaint will request the Court to hold unlawful the decisions of the Acting Under Secretary because they are "arbitrary. capricious. an abuse of discretion. and not in accordance with law," 5 U.S.C. § 706(2)(A), and in violation of the Due Process Clause because the decisions were made in bad faith. The Plaintiffs' Supplemented Complaint will request the Court to "compel agency action withheld" under the APA. and either 1) order the visa applications to be approved. or in the alternative. 2) order proper review in light of the invalidation of the agency decision. Finally. the Plaintiffs' Supplemented Complaint will pray for the Court to compel 1) the government to report to the Court and substantiate any further adverse decisions taken by it against Raduga USA. Mr. Romanovskiy and Ms. Yakovleva and 2) USCIS to refer the petition of Raduga USA to the U.S. Embassy in Moscow.

## II. PROCEDURAL BACKGROUND

On May 14. 2004. Plaintiffs filed a complaint for declaratory and injunctive relief and a writ in the nature of mandamus. Plaintiffs alleged that government defendants had, over the course of three years. unlawfully withheld and unreasonably delayed rendering a final decision on

Plaintiffs Romanovskiy and Yakovleva's visa applications. Notwithstanding the submission of more than 1000 pages of documentation, a third interview, and Defendants' assurances to the contrary after the initiation of the lawsuit, a decision on the visa applications was not forthcoming. On May 23, 2005, the Court granted in part Plaintiffs' motion for summary judgment, issued a writ of mandamus requiring the consular officials named as Defendants to render a final decision on Plaintiffs' visa applications within 60 days, and dismissed non-consular Defendants.

After the entry of the Court's Order, Plaintiffs Romanovskiy and Yakovleva were interviewed a fourth time at the U.S. Embassy in Moscow. They were denied in their request to have counsel be present at the interview. The interview was tape-recorded.

On July 20, 2005, the Acting Under Secretary of Homeland Security for Border and Transportation Security ["BTS"] determined that Mr. Romanovskiy was inadmissible to the United States on the basis of 8 U.S.C. § 1182(a)(6)(C)(i), Section 212(a)(6)(C)(i) of the INA, and that Ms. Yakovleva was ineligible for a visa under 8 U.S.C. § 1201(g), Section 221(g) of the INA. These decisions were made pursuant to the authority of the Secretary of Homeland Security to refuse visas through the Secretary of State under 6 U.S.C. § 1236(b)(1), Section 428(b)(1) of the Homeland Security Act of 2002. On July 22, 2005, the final day on which the visa decisions could be made under the Court's Order, the U.S. Embassy in Moscow informed Plaintiffs Romanovskiy and Yakovleva of these decisions.[1] In its letter, the Embassy stated that the decision was "final" and that the petition of Raduga USA was being returned to DHS for revocation.

On July 25, 2005, the Court entered the parties' stipulation extending the deadline for Defendants to render a final decision until July 28, 2005. The parties agreed to extend the deadline to enable the Acting Under Secretary of the Department of Homeland Security, who

---

[1] Exhibit 1.

apparently had made the decision while located outside of the United States, to review Plaintiffs' applications. On July 28, 2005, the Court again signed the parties' stipulation extending the deadline until August 5, 2005 in order to give the government additional time to review additional materials submitted by Plaintiffs.

From July 22 until August 2, 2005, Counsel for Plaintiffs sent legal memoranda addressing the lack of legal basis for the decision to deny the visa application and permanently bar Mr. Romanovskiy from the United States to Ellen McClain, Deputy Associate General Counsel, BTS, Department of Homeland Security ["DHS"]; Baruch Weiss, Associate General Counsel, BTS, DHS; Randy Beardsworth, Acting Under Secretary for BTS, DHS; Philip Perry, General Counsel, DHS; and Michael Chertoff, Secretary, DHS. On July 29, 2005, Counsel received a reply from Ms. McClain, who stated:

> I can assure you we have carefully and extensively examined the facts and law associated with your client's visa application. I must inform you, however, that the legal advice provided to our client in support of the bases for the U.S. government denial of Mr. Romanovskiy's immigrant visa under INA section 212(a)(6)(C) is not subject to disclosure. I am not at liberty to engage in discussion of this decision. You are of course free to contact my supervisor, Baruch Weiss, Associate General Counsel, or the Acting Under Secretary, Randy Beardsworth, at 202-282-8000.[2]

On August 5, 2005, Plaintiffs submitted an *Ex Parte* Application to the Court, requesting the Court to a) compel the Defendants to properly apply the law and render a decision on the visa applications of Nikolai Romanovskiy and Vladlena Yakovleva, in good faith, within two weeks of the date of the Order, and in the event of denying the Plaintiffs' applications, provide the full factual and legal bases for that decision; or b) in the alternative, an Order that grants Plaintiffs leave for a period of two weeks to amend their pleadings, specifically, to add the Department of

---

[2] E-mail of July 29, 2005.

Homeland Security as a defendant and challenge the decision of the Department of Homeland Security under the Administrative Procedures Act.

On August 22, 2005, the Court denied the Plaintiffs *Ex Parte* Application in its entirety. Regarding Plaintiffs' request to amend their pleadings, the Court stated that "they may formally file a motion to do so in accordance with the Federal Rules of Civil Procedure and the Civil Local Rules for this district." August 22, 2005 Court Order at p. 3.

Finally, in a letter dated August 16, 2005,[3] received by counsel only on October 3, 2005, the Acting Under Secretary for Border and Transportation Security of DHS states, *inter alia*:

> Mr. Romanovskiy's repeated misrepresentations regarding the 1996 arrest for a crime involving moral turpitude can reasonably be seen as, among other things, having been intended to shut off a line of inquiry that was relevant to the question whether he was inadmissible under 212(a)(2)(A)(i)(I) of the INA.

III. LEGAL STANDARD TO APPLY TO MOTION TO SUPPLEMENT PLEADING

Fed. R. Civ. P. 15(d) states:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemented pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented...

In Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988), the 9th Circuit stated that "[r]ule 15(d) is intended to give district courts broad discretion in allowing supplemented pleadings. Fed. R. Civ. Pro. 15, advisory committee's note. The rule is a tool of judicial economy and convenience. Its use is therefore favored." The Court cited Judge Haynesworth and his rationale for the liberal permission of supplemented pleadings: "avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted... [and that] they are of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason

---

[3] Exhibit 3.

for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them." New Amsterdam Casualty Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir. 1963). *cert. denied*, 376 U.S. 963 (1964).

A. Permissibility of new claims and new parties. No time limits on supplemented pleadings.

A supplemented complaint may add new claims. Keith. at 473, 474, William Inglis & Sons Baking Co. v. ITT Continental Banking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1982). *See generally* 28 A.L.R. Fed. 129 §11 (2005). A complaint may be supplemented to add new parties, and is not limited by time: it may be supplemented after the entry of an order in the original action. Griffin v. County School Board. 377 U.S. 218 (1964). In Griffin, the Supreme Court approved a supplemented complaint ten years after the district court had entered a final judgment. In Keith, the Court allowed a supplemented complaint several years after the entry of an order. Therefore, this motion should be favorably considered to allow for the new claims, parties, and prayers for relief, notwithstanding the entry of an order.

According to the court in Keith, the newly alleged matters and the subject of the original action should have some relationship, although they do not need to arise out of the same transaction. Keith at 467. "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." William Inglis & Sons Banking Co., at 1057. Here, the relationship is clear and certain. The new claims are related to the original action because they relate to the government's attempts to unlawfully exclude Mr. Romanovskiy and his wife from the United States. The original petition of Raduga USA was approved in November 2000 by the Immigration and Naturalization Service; the petition has now been referred back to the Service. Mr.

Romanovskiy and his wife have paid consular fees and undergone several interviews and medical examinations. The government's pattern of bad faith is self-evident: firstly, in failing to act on Mr. Romanovskiy's application for four years and then denying him on "grounds" that were available to the government during that time, i.e., long before the Court's Order and the initiation of the lawsuit. When seen in this light, the government's arbitrary, capricious, and illegitimate decision may be construed as retaliatory against Mr. Romanovskiy for gaining the benefit of the Court's Order regarding its previous failure to act on his visa application, and punishing him as severely as possible: permanently barring him from the United States.

Moreover, as a result of the government's continued impermissible actions, Raduga USA has been permanently deprived of the services of its President and the consequent benefit to its business. Its significant interest in this litigation was recognized by the Court in its Order of May 23, 2005. P.8. Congressional intent to promote U.S. job creation, investment, and international trade has been undermined. The spirit of the Court's Order to assure compliance with the law has been thwarted by government misfeasance subsequent to the Order.

B. Factors to be considered.

A court considers several factors in ruling on a motion for supplemented complaint: prejudice to defendants; laches; and bad faith. See, Keith at 475, Lerman v. Chuckleberry Publishing, Inc., 521 F.Supp. 228, 231-232 (S.D.N.Y. 1981), Vernay Laboratories, Inc. v. Industrial Electronic Rubber Co., 234 F.Supp. 161, 166-167 (N.D. Ohio 1964); H.F.G. Co. v. Pioneer Publishing Co., 7 F.R.D. 654, 656 (N.D.Ill. 1947). The Secretaries of the Departments of Homeland Security and State were original defendants in this action, so are unable to claim unfair surprise. The Acting Under Secretary of Homeland Security for Border and Transportation Security made the decision at issue and so also cannot assert unfair surprise. The USCIS and

USCIS CSC, agencies within the Department of Homeland Security, are to become defendants because of actions of the consulate to refer the petition of Raduga USA to USCIS for revocation.

This Motion is made in good faith and without undue delay. These new causes of action were precipitated by actions of Defendants subsequent to the initiation of the lawsuit and the Court's Order of May 23, 2005. Plaintiffs sought in good faith and without undue delay to resolve the issues addressed herein with Defendants, but to no avail. Plaintiffs brought these issues to the attention of the Court in their *Ex Parte* Application of August 5, 2005. On August 22, 2005, the Court denied Plaintiffs' *Ex Parte* Application, and referred the Plaintiffs' attention to the Federal Rules of Civil Procedure in regards to amending their complaint. This the Plaintiffs have done.

Defendants will not be prejudiced by the Court granting this Motion. Defendants will be given the opportunity to address the issues raised. The legal issues are narrow ones, and stem from facts resulting from Defendants' behavior. Minimal, if any, discovery will be required, so additional time and expense are non-factors.

C. The Supplement will not be futile.

The proposed supplemented complaint will not be futile. The court continues to retain jurisdiction on federal question grounds, 28 U.S.C. § 1331, and the Administrative Procedures Act, 5 U.S.C. §§ 701-706. Notwithstanding the general applicability of the doctrine of consular non-reviewability to visa decisions, the 9th Circuit has indicated that there are exceptions to the doctrine and that judicial review is appropriate in certain instances. It has indicated that judicial review may exist when a visa decision is not facially legitimate or bona fide (See, Noh v INS, 248 F.3d 938 at 942 (9th Cir. 2001), Patel v. Reno, 134, F.3d 929, 932 n. 1 (9th Cir. 1997)), and that judicial review may exist under the Administrative Procedures Act (Patel, id.). Indeed, this Court

alluded to these exceptions in its Order of August 22, 2005 (p. 3). Plaintiffs assert that this matter falls within these exceptions.

Further, Plaintiffs assert, alternatively, that because it is a decision of the Department of Homeland Security made pursuant to the Homeland Security Act of 2002 and the Memorandum of Understanding between the Secretaries of State and Homeland Security at issue, this matter falls outside the context of review of a consular decision, and therefore the doctrine of consular nonreviewability does not apply. According to the U.S. Embassy in Moscow, because it was "DHS headquarters" which "affixed an INA 212(a)(6)(C) ineligibility to Mr. Nikolay Romanovskiy's visa application," it believes that the "American Embassy Moscow has [sic] no further action on the case" and that "all questions" should be addressed to "DHS headquarters."[4] Whether a court has jurisdiction to review such a DHS decision has not been litigated before the Supreme Court or the 9th Circuit. The Homeland Security Act of 2002 did not strip courts of jurisdiction to review visa decisions. Further, this DHS decision does not implicate threats to American security – the raison d'etre of its authority - and should not be entitled to deference. Therefore, an allegation that this supplement will be futile is incorrect because Defendants cannot point to precedent that addresses this legal issue.

As a substantive matter, supplement is not futile because the DHS decision violates the Administrative Procedures Act. The decision is "arbitrary, capricious, an abuse of discretion [and] ... not in accordance with law." 5 U.S.C. § 706(2)(A). According to the letter of the U.S. Embassy in Moscow dated July 22, 2005, the Acting Under Secretary for Border and Security Transportation has found Mr. Romanovskiy ineligible under 8 U.S.C. § 1182(a)(6)(C)(i), Section 212(a)(6)(C)(i) of the INA, for failure to disclose an arrest and being charged with spousal battery

---

[4] August 5, 2005 e-mail of U.S. Embassy in Moscow, Consular Section, Exhibit 2.

in 1996 in California. The charges against Mr. Romanovskiy were dropped; he was not convicted, nor did he ever admit to committing such a crime. In a subsequent letter, the Acting Under Secretary stated that Mr. Romanovskiy "intended to shut off a line of inquiry that was relevant to the question [of inadmissibility]."

Section 212(a)(6)(C)(i) of the Immigration and Nationality Act, which is a permanent bar to admissibility, requires that in order for such a finding to be made, there must be a misrepresentation that is 1) material and 2) willful. The 9th Circuit has already addressed the identical issue presented here. In Forbes v. INS, 48 F.3D 439, 443 (9th Cir. 1995), it held that when a person who has been arrested but not convicted fails to disclose the arrest on an immigrant visa application, this failure is not a material misrepresentation. This precedent is binding on this Court.

Further, the Acting Under Secretary grossly distorts the applicable legal standard in rendering a finding of materiality. There are two prongs to the materiality test:

1) For there to be a finding of materiality, the representation must have "tended to shut off a line of inquiry." Matter of S- and B-C. 9 I&N 436. at 447 (Bd. Imm. App. 1961); 9 Foreign Affairs Manual ("FAM") 40.63 N6 (5-20-2003); Section 17.15(a) of the Inspector's Field Manual, Immigration and Naturalization Service (March 2001). The Acting Under Secretary, critically, uses the word "intends" instead of "tends", thereby confusing the issue of willfulness and materiality.

In applying the proper legal standard, because the truth of the fact being misrepresented – the arrest and charges – was available to the consular officer, "then it cannot be said that the alien's misrepresentation tended to cut off a line of inquiry *since the line of inquiry was readily available to the consular officer.*" 9 FAM 40.63 N6.3-1(2), emphasis added. "Once it has been

established that a misrepresentation was made in securing a visa, the burden is on the person making the misrepresentation to establish that the facts support eligibility. or that. had the consular officer known the truth. a refusal of a visa could not properly have been made." 9 FAM 40.63 N6.3-5. A refusal of a visa could not properly have been made to Mr. Romanovskiy because there do not exist proper, statutory grounds for refusal.

2) In addition to tending to shut off a line of inquiry, "[I]n most cases, in order for a fact to be considered material. the truth of the matter must lead to a proper finding of ineligibility." 9 FAM 40.63 N6.3-5.[1] See also, U.S. v. Sheshtawy, 714 F.2d 1038 (10th Cir. 1983) (failure to disclose an arrest and charge with stolen property before naturalization hearing not material since no disqualifying fact existed); Kungys v. U.S., 485 U.S. 759. 783 (1987)(concurring opinion of Justice Brennan. this opinion deemed to be the controlling view by the 9th Circuit in U.S. v. Puerta, 982 F.2d 1297, 1303-04 (9th Cir. 1992) (in order for there to be a finding of materiality in the denaturalization context (8 U.S.C. §1451(a)), the government must "produce [] evidence sufficient to raise a fair inference that a statutory disqualifying fact actually existed."). Because the truth of the matter – that Mr. Romanovskiy was not convicted. did not commit, nor admitted to a crime involving moral turpitude – would not have led to a finding of ineligibility, the "misrepresentation" was not material.[5] The Acting Under Secretary's conclusion must have

---

[5] The Acting Under Secretary also attempts to impugn Mr. Romanovskiy's credibility by stating that "Mr. Romanovskiy's repeated misrepresentations regarding the 1996 arrest for a crime involving moral turpitude can reasonably be seen as, among other things. having been intended to shut off a line of inquiry..." Mr. Romanovskiy had not previously disclosed a domestic violence incident with Ms. Yakovleva (which took place in San Diego in 1996) because he did not believe that he had been arrested/charged, only detained. He was formally asked this question on two occasions at consular interviews: in March 2005 and June 2005. In application forms, he did not indicate that he had been arrested.

His attorneys obtained references from the San Diego County courts confirming that Mr. Romanovskiy had never been a defendant in any criminal proceeding. When asked at his interviews, in Russian, whether he had been arrested. he responded that he had not. In Russian, "arrest" (the word is the same in Russian and English) has a long-term connotation; under the Russian Criminal Code, it means detention for one-six months. Article 54. Nevertheless, Mr. Romanovskiy was forthcoming about the details of the incident when questioned about it at the interview in June 2005 and stated that because he is not an American criminal lawyer, did not know if he was arrested. The details of

satisfied both prerequisites of the materiality test for his finding to be proper; his conclusion fails both prongs of the materiality test.

Critically, attorneys for the Defendant Department of State – individuals who deal with issues under Section 212(a)(6)(C)(i) on an everyday basis - are in agreement with Plaintiffs that there is no legal basis for this decision.

In addition to the imputation of Plaintiffs' rights under the Administrative Procedure Act, Plaintiff Raduga U.S.A.'s due process rights have been adversely affected. Any visa denial must have a proper legal and factual basis. Affected parties are entitled to explanations for the basis of visa findings under 8 U.S.C. § 1182(b), 22 C.F.R. §§ 41.121 and 42.81, Department of State cables 93 State 213583, 97 State 114760, and 2001 State 102813, and Paragraph 5a. of the Memorandum of Understanding between the Department of State and Department of Homeland Security. The latter states that when the Secretary of Homeland Security decides to exercise his authority to refuse a visa, he "shall request the Secretary of State to instruct the relevant consular officer to refuse or revoke the visa and specify the grounds and factual basis for refusal or revocation..."[6]

Because of Raduga U.S.A.'s standing in this matter – recognized by this Court in its Order of May 23, 2005 (p. 10) - substantial interest in the outcome of Mr. Romanovskiy's application, and status as a U.S. citizen, it has been seeking to avail itself of its due process rights in order to

---

the incident are uncontroverted and were truthfully disclosed; Mr. Romanovskiy's understanding of the legal characterization of the incident was not accurate. "The question of what constitutes an arrest is a difficult one." Charles H. Whitebread, Criminal Procedure §3.02 at 61. Most importantly, Mr. Romanovskiy had no reason to make a misrepresentation because the underlying facts do not and did not support a finding of excludability: arrest and charges are not sufficient to make a finding of inadmissibility. (Consular officials at the U.S. Embassy in Moscow, i.e., those representatives of the American government who interviewed Mr. Romanovskiy and in the best position to judge his credibility, also did not find that Mr. Romanovskiy committed a willful misrepresentation.)

[6] In the original Complaint, the relief sought by Plaintiffs included, in part, "...if the applications are refused, that the decisions include justification to preclude the sense of retaliation for having brought this lawsuit or for having exposed the Defendants' neglect." Docket No. 1, p. 11.

receive full and proper disclosure of any negative decision.[7] To ensure transparency in the decisionmaking process, Raduga USA also sought to have its Counsel attend visa interviews with Mr. Romanovskiy and Ms. Yakovleva and receive the tape recording of the final interview. Mr. Romanovskiy was interviewed in his individual capacity and as the President of Raduga USA. Under 5 U.S.C. § 553(b), "a party is entitled to appear in person or by or with counsel..." These requests for counsel to be present at the visa interviews and for a copy of the tape recording were denied. The non-transparent fashion in which the process was conducted violates this section of the APA and infringes on the due process rights of Raduga USA.

Finally, the bad faith of Defendants is readily evident by the fact that Mr. Romanovskiy's failure to acknowledge his arrest dates back to his first interview at the U.S. Embassy more than four years ago, i.e., if it was truly material and willful, Defendants could have and should have rendered this decision long ago. It was only after a) Plaintiffs initiated this action; b) Plaintiffs Romanovskiy and Yakovleva were incriminated in baseless unlawful activity by Defendants (see Declaration of Vincent Beirne, Docket No. 30, p. 1); c) Plaintiff Raduga USA was subjected to onerous interrogations and document requests related to its activities; and d) the Court issued its Order against consular defendants that this omission became "relevant" and a convenient mechanism to, not just temporarily but permanently, exclude Mr. Romanovskiy from the United States.

In light of the above, this supplement will not be futile.

## IV. CONCLUSION

We respectfully request that the Court grant this Motion and allow leave for the serving of

---

[7] Proper due process procedures identified by the Supreme Court include, inter alia, 1) notice of a proposed action; 2) disclosure of the grounds of the agency action and the evidence the agency is relying upon; 3) a written statement of the evidence relied upon and the reasons for its decision; and 4) right to counsel. Morrissey v. Brewer, 408 U.S. 471, 489 (1972).

the Supplemented Complaint on the defendants.

Dated: October 12, 2005

Respectfully Submitted,

KENNETH WHITE
Attorney for Plaintiffs